United States District Court
Southern District of Texas
**ENTERED**
July 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN RYDELL BONNER, <br> TDCJ # 02359198 <br><br> Plaintiff, <br><br> v. <br><br> BOBBY LUMPKIN, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-24-2373 |

**MEMORANDUM OPINION AND ORDER**

Ryan Rydell Bonner, an inmate in the Texas Department of Criminal Justice (TDCJ), initiated this civil action by filling out and filing a form Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1] After reviewing this document as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court concludes that this action must be dismissed. The reasons are explained below.

**I.   Background**

In 2021, Bonner was sentenced to ten years in TDCJ based on a Texas state court conviction for retaliating against a peace officer. *See Inmate Info. Search*, Tex. Dep't of Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/start (last visited July 1, 2024). Bonner's habeas petition does not challenge his conviction or sentence, and he does not seek relief from a prison disciplinary conviction or a parole decision. Instead, Bonner challenges the withdrawal of funds

---

[1] Despite submitting his claims on a form habeas petition under 28 U.S.C. § 2241, because Bonner is a convicted felon in state prison, any habeas claims would be properly brought under 28 U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

from his inmate trust fund account. (*See* Docket Entry No. 1). He asserts that a cashier's check was deposited in his inmate trust fund account on the same day that a child support hold was placed on the account. (*Id.* at 6). He asserts that funds in the account were withdrawn, in violation of his right to procedural due process. (*See id.*). He asserts a "deprivation of interest" in his inmate trust fund account "without due process of law." (*Id.* at 2). He also brings a claim under the "Indemnity Clause" based on the Texas attorney general "fail[ing] to properly intervene to seek delinquent child-support payments in T.D.C.J. Inmate Trust Fund Account . . . where . . . Bonner received child support hold on trust fund account because the attorney general never filed a petition providing . . . Bonner with no opportunity to prepare a proper response." (*Id.* at 7). In the "Request for Relief" section of the form petition, Bonner wrote "15 USCS § 77+(b) Action for injunction or criminal prosecution in district court." (*Id.*).

**II.     Discussion**

Bonner's petition arises from the child support hold placed on his inmate trust account. The court must first decide whether the claims Bonner asserts are civil rights claims or claims that sound in habeas.

The "core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely challenges the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Tex. Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (quoting *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). If a favorable determination would not entitle the prisoner to an earlier release from confinement, then the complaint is construed as one for civil rights violations under 42 U.S.C. § 1983. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Bonner's federal petition does not challenge the fact or

duration of his confinement, and a favorable determination of the claims would not entitle Bonner to an earlier release date. The claims are properly construed as challenging his conditions of confinement. *See Williams v. Cockrell*, 54 F. App'x 795, 2002 WL 31845296 (5th Cir. 2002) (per curiam) (affirming the dismissal of a § 1983 complaint in which an inmate asserted that money was taken from his inmate trust fund account without his consent).

Claims challenging an inmate's conditions of confinement must be brought in a civil-rights action under 42 U.S.C. § 1983. *See, e.g.*, *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017). Civil-rights claims are not actionable in federal habeas proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Poree*, 866 F.3d at 243 (explaining that "challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983").

The Fifth Circuit has advised that if a prisoner has filed a civil-rights suit under 42 U.S.C. § 1983 that contains both habeas and civil rights claims under § 1983, the district court should separate the claims and decide the § 1983 claims. *See Orellana*, 65 F.3d at 31 (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)). It is not appropriate, however, to consider civil-rights claims in a habeas proceeding because of requirements posed by the Prison Litigation Reform Act (PLRA). Unlike habeas proceedings, the PLRA requires prisoners asserting civil-rights claims under § 1983 to pay the filing fee for a civil action even if the prisoner receives leave to proceed without prepaying the filing fee.[2] *See* 28 U.S.C. § 1915(b).

---

[2] The filing fee for a federal habeas proceeding is $5.00 and the fee for a civil action is $350.00, plus a $55.00 administrative fee. *See* 28 U.S.C. § 1914(a)-(b); *Schedule of Fees*, United States District & Bankruptcy Court Southern District of Texas (last updated Dec. 1, 2023), https://www.txs.uscourts.gov/page/FeeSchedule. If a prisoner qualifies for leave to proceed without prepaying the filing fee and the $50.00 administrative fee is waived, the prisoner must still

Additionally, a court is required by the PLRA to review the pleadings and dismiss an action if it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) (setting forth the same grounds). A prisoner who incurs three dismissals or "strikes" loses his eligibility to proceed without prepaying the filing fee and may be barred from filing suits unless he can show that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It appears that Bonner has filed his claims on a form § 2241 petition because he knows that he is a three-strikes litigant who is barred under § 1915(g) from proceeding without prepaying the filing fee in a civil-rights action.[3] *See Bonner v. Pearcy*, No. 3:19-cv-274 (S.D. Tex. Feb. 24, 2022) (dismissed as frivolous); *Bonner v. Pearcy*, App. No. 22-40757 (5th Cir. Feb. 27, 2023) (dismissed as frivolous); *Bonner v. State of Texas*, No. 3:20-cv-191 (S.D. Tex. July 29, 2020) (dismissed for failure to state a claim upon which relief can be granted); *Bonner v. Trochesset*, No.

---

pay the $350.00 filing fee by installment from his inmate trust fund account. *See* 28 U.S.C. § 1915(b).

[3] Bonner acknowledges that he is a three-strikes litigant and that the "PLRA [has] limited my filing of lawsuits arising out [of] prison environment[.]" (*See* Docket Entry No. 1 at 6). Trying to evade the three-strikes bar by filing writs of habeas corpus that contain civil-rights claims is an abuse of the court system and will not be tolerated. *See In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997) ("[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for habeas corpus."); *Decker v. Director, TDCJ-CID*, Civil Action No. 5:04cv46, 2005 WL 6472258, at *7 (E.D. Tex. Jan. 19, 2005) ("[An inmate] cannot evade the 'three strikes' bar by the simple expedient of filing his claims in the form of a habeas petition and then having the courts construe them under Section 1983."); *Henderson v. Morales*, No. CV 312-092, 2012 WL 5473057, at *3 (S.D. Ga. Oct. 10, 2012) ("Plaintiff is warned that [trying to evade the limitations of § 1915(g) by using the form for a habeas corpus petition rather than that for a § 1983 complaint] [is] not only an abuse of process and a waste of judicial resources, but may subject him to sanctions by this Court."), *R&R adopted by* 2012 WL 5473768 (S.D. Ga. Nov. 9, 2012).

4

3:21-cv-128 (S.D. Tex. July 12, 2023) (dismissed for failure to state a claim upon which relief can be granted).

Accordingly, the court declines to convert this habeas proceeding into a civil rights action under 42 U.S.C. § 1983 or to allow Bonner to evade the PLRA requirements, which were enacted, in part, to prevent prisoners from abusing the privilege of proceeding without prepaying the filing fee. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996); *Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017). Because Bonner has not raised any habeas claims in the § 2241 petition, the court dismisses the petition, without prejudice. If Bonner wishes to pursue claims challenging the alleged wrongful taking of funds from his inmate trust fund account, he must file a separate civil suit under 42 U.S.C. § 1983, subject to PLRA requirements.[4]

### III.    Conclusion and Order

The court orders as follows:

1. Bonner is warned that attempts to evade the three-strikes bar contained in 28 U.S.C. § 1915(g) by filing writs of habeas corpus containing civil-rights claims is an abuse of the court system and will not be tolerated. Further attempts to evade the three-strikes bar will subject Bonner to sanctions, including increasing monetary penalties.

2. Insofar as Bonner's "Declaration in Support of Motion for Leave to Proceed in Forma Pauperis" is construed as an application for leave to proceed without prepaying the filing fee, Docket Entry No. 2, it is denied.[5]

---

[4] The court also observes that Bonner did not sign his pleading as required by Rule 11(a) of the Federal Rules of Civil Procedure. The rule requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a).

[5] Although Bonner has not filed an application for leave to proceed without prepayment of the filing fee, he has filed a copy of his prisoner trust fund account statement (Docket Entry No. 3), as well as a "Declaration in Support of Motion for Leave to Proceed in Forma Pauperis" (Docket Entry No. 2). The court assumes that he seeks leave to proceed without prepaying the filing fee.

3. Any other pending motions are denied as moot.

4. To the extent such is necessary, a certificate of appealability is denied.

5. This case is dismissed without prejudice.

The Clerk's Office will provide a copy of this order to Bonner.

SIGNED on July 3, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge